# CASES

# SUPREME JUDICIAL COURT

COUNTY OF PENOBSCOT, JUNE TERM, 1840.

---

## Gustavus W. Hawes & al. vs. Simon B. Dingley.

Where the question to be tried is, whether the goods claimed by the plaintiffs, which had been attached by an officer, as the property of one who was alleged to have purchased the same of them, were obtained of the plaintiffs by the debtor by means of false representations, with intent to defraud the sellers; false and fraudulent representations made by the debtor about the same time to others in the same town, of whom also he had obtained goods thereby, are admissible to prove a formed design to commit frauds in that manner, from which, connected with other proof, the jury may infer, that the contract under investigation was made by reason of similar representations.

Where goods can be reclaimed by the seller from the purchaser, because the sale was effected by the false and fraudulent representations of the latter, the same right of reclamation exists against an officer attaching them as the property of the fraudulent purchaser.

REPLEVIN for certain articles of merchandize, which were claimed by the defendant, a deputy sheriff, by virtue of an attachment thereof as the property of *William P. Kelley* and *Jonathan Jewell*, on a writ against them in favor of one *Sawyer*. The plaintiffs claimed the property, because they alleged, that they had been induced to part with the possession of it by means of false representations made to them by *Kelley & Jewell*, with intent to defraud them of the goods. To maintain the issue on their part, at the trial be-

fore WESTON C. J., the plaintiffs offered testimony contained in certain depositions, to show that *Kelley & Jewell* had made false representations to other dealers in *Boston*, where the plaintiffs resided, and where the goods were obtained, about the same time, and thereby obtained goods of them, and that at the time of making these representations, *Kelley & Jewell* referred those of whom they obtained the goods to the plaintiffs. To the introduction of this evidence, until proof had first been made of representations made to the plaintiffs, the defendant objected. The plaintiffs made no offer to prove declarations made directly to themselves, but contended, that the testimony was admissible as circumstantial evidence, from which, coupled with the references to the plaintiffs, the jury might fairly infer that similar representations were made to them. The Chief Justice excluded the testimony.

The plaintiffs then offered to prove that a fraudulent transfer of a large part of the goods purchased of the plaintiffs, was made on board the vessel in which they were carried from *Boston* to *Bangor*, and a second transfer immediately after their arrival; that the goods were landed at an unusual place, at a distance from the store of *Kelley & Jewell* situated near a convenient landing place, carried to the store of another person and piled up there in the chamber of the store; that others who had sold goods to *Kelley & Jewell* had claimed to take them back on account of fraud, and that the goods had been given up; and that *Kelley & Jewell* became insolvent before the goods were landed at *Bangor*. The plaintiffs then contended, that with this evidence, the depositions first offered were admissible. The depositions were still excluded. It was submitted to the decision of the whole Court, whether the depositions rejected, were legally admissible.

*G. B. Moody* argued for the plaintiffs, and contended, that the testimony rejected ought to have been admitted, both on authority and upon principle. For the definition of presumptive evidence, he cited 1 *Stark. Ev.* (*Ed. of* 1832,) 15, 18, 39. On the general ground, that the testimony rejected had a tendency to prove the issue on trial, and therefore was admissible, he cited 1 *Stark. Ev.* 52; 1 *Phill. Ev.* 116, 139; 2 *H. Black.* 187; 3 *Esp. R.* 194; *Rankin* v. *Blackwell*, 2 *Johns. Cas.* 198; *Gardner* v. *Preston*, 2 *Day*, 205; *Rowley* v. *Bigelow*, 12 *Pick.* 307; *Howe*

v. *Reed,* 3 *Fairf.* 515 ; *Allison* v. *Matthieu,* 3 *Johns. R.* 235 ; *McKenney* v. *Dingley,* 4 *Greenl.* 172 ; *Seaver* v. *Dingley,* 4 *Greenl.* 306.

*Rogers* and *M. L. Appleton,* for the defendant, contended, that there was here no proof or offer of proof, that any fraudulent or false representations had been made to the plaintiffs by those who purchased their goods ; and that therefore the question was, whether false representations made to third persons, were admissible to prove, that similar representations had been made to the plaintiffs. Fraud is not to be presumed, but must be proved. The testimony to support an action on the ground of the present, should be strong enough to convict upon an indictment. *Cross* v. *Peters,* 1 *Greenl.* 376 ; *Buffington* v. *Gerrish,* 15 *Mass. R.* 156 ; 7 *Sergt. & R.* 43 ; 1 *Stark. Ev.* 501, 515 ; 2 *Stark. Ev.* 467. They examined the cases cited for the plaintiffs, and contended, that they only went to the extent, that when proof has been introduced of false representations made directly to the seller of the goods in question, then similar representations to others may be introduced to show the fraudulent intent.

The opinion of the Court was drawn up by

SHEPLEY J. — The question to be tried was, whether the goods replevied were obtained of the plaintiffs by *Kelley & Jewell* by false representations, with intent to defraud them.

The depositions contain certain representations, said to be false, made about the same time to other dealers in *Boston,* of whom they obtained goods. To prove, that they made false representations to others and thereby obtained goods, does not prove, that they made the same, or similar ones to the plaintiffs. But the testimony might satisfy a jury, that they had at that time formed a design to obtain goods fraudulently by such means. And proof of such a design being made, the jury might more satisfactorily judge of the other circumstances, and of the direct testimony, tending to prove, that they obtained goods of the plaintiffs in the manner alleged. If such a purpose of defrauding as they should find opportunity, should be proved upon them, they cannot complain, that the effect is to cast suspicion upon all their contracts of purchase, while it may be reasonably supposed to operate. The defendant

claiming only by a process of attachment, can hold only what of right belonged to them. To make it appear probable, that the sale or purchase in question was fraudulent, testimony that the grantor or purchaser about the same time made like fraudulent sales or purchases, in dealing with others, has been admitted. *Gardner* v. *Preston*, 2 *Day*, 205 ; *Allison* v. *Matthieu*, 3 *Johns. R.* 235 ; *Foster* v. *Hall*, 12 *Pick*. 89 ; *Rowley* v. *Bigelow, idem.* 307 ; *M'Kenney* v. *Dingley*, 4 *Greenl.* 72 ; *Howe* v. *Reed*, 3 *Fairf.* 515.

The testimony in most of those cases appears to have been received to prove a formed design to commit frauds in that manner ; and to authorize the jury to make use of such proved design as a circumstance, from which, connected with other proof, they might infer that it was acted upon in making the contract under investigation. And for this purpose the depositions, except those parts which may be liable to objection for other reasons, may be admitted.